**UNITED STATES OF AMERICA, Plaintiff**
**v.**
**HAROLD ROEBUCK, Defendant**
UNITED STATES v. ROEBUCK
Criminal No. 2002/0171

*District Court of the Virgin Islands*

Division of St. Croix

September 2, 2004

*For Government*: AZEKAH JENNINGS, Asst U.S. Attorney, St. Croix, V.I.

*For Government*: ISABEL MUNOZ-ACOSTA, Assistant United States Attorney, San Juan, P.R.

*For Defendant*: LEE J. ROHN, St. Croix, V.I.

CANNON, *U.S. Magistrate Judge*

## ORDER DENYING DEFENDANT'S MOTION TO HAVE LINDA VALERINO UNDERGO A PSYCHOLOGICAL EXAMINATION

(September 2, 2004)

THIS MATTER came for consideration upon Defendant's Motion to Have Linda Valerino Undergo a Psychological Examination. The government filed a response in opposition to said motion, and Defendant filed a response thereto.

Defendant contends that a psychological examination is required because "it is believed that Ms. Valerino has a history of giving false statements and making false accusations. It is reasonably believed that she may have a psychological condition such that she is a pathological liar or some related condition." Defendant's Motion at 1. The government opposes said motion on the basis that such an examination is a "drastic measure" that is not warranted in this case.

## DISCUSSION

As the government correctly asserts, the type of examination requested by Defendant is an "extraordinary measure" and generally is not permitted. *See, e.g., Government of the Virgin Islands v. Leonard A.*, 922 F.2d 1141, 1143 (3d Cir. 1991); *Joseph v. Government of the Virgin Islands*, 226 F. Supp 2d 726, 730 (D.V.I. 2002).

At the outset, the Court makes the following observations:

1. All persons are deemed competent unless determined otherwise. FED. R. EVID. 601.

2. Whether a person is competent to serve as a witness is a determination to be made within the discretion of the court. *State v. R.W.*, 104 N.J. 14, 514 A.2d 1287, 1291 (1986) (citing *State v. Butler*, 27 N.J. 560, 143 A.2d 530, 554 (1985)).

3. Although this is a criminal matter in federal court, guidance for such determination may be taken from territorial law, which provides, in pertinent part: "A person is disqualified to be a witness if the judge finds that (a) the proposed witness is incapable of expressing himself concerning the matter so as to be understood by the judge and jury either directly or through interpretation by one who can understand him, or (b) the proposed witness is incapable of understanding the duty of a witness to tell the truth." 5 V.I. CODE ANN. § 831 (1997).

4. While the Court has the authority to order a witness to undergo psychiatric or psychological examination to aid it in its competency determination, the "exercise of this power is neither frequent nor common, and never lightly undertaken. It is an unusual situation that impels the grant of a psychiatric examination as a precondition to a determination of competence. The practice of granting

294

psychiatric examinations of witnesses 'must be engaged in with great care' and 'only upon a substantial showing of need and justification.'" *State v. R.W.*, 104 N.J. 14, 514 A.2d 1287, 1290 (N.J. 1986) (citing *State v. Butler*, 27 N.J. 560, 143 A.2d 530, 556 (1985)).

5. In order to meet the "substantial need" test, "'there must be a showing of some deviation from acceptable norms, such as an identifiable or clinical psychiatric or similar disorder, beyond the realm of those human conditions that ordinary experience would confirm as normal.'" *Government of the Virgin Islands v. Leonard A.*, 922 F.2d 1141, 1143 (3d Cir. 1991) (quoting *State v. R.W.*, 104 N.J. 14, 514 A.2d 1287, 1291 (1986)). Moreover, "'a party seeking a psychiatric evaluation must also present evidence reasonably indicating something peculiar, unique, or abnormal about the ... witness that would influence the witness's competence or the court's ability to assess that competence, or raise unusual difficulties in assessing the witness's credibility.'" *Id.* at 1144 (quoting *State v. R.W.*, 104 N.J. 14, 514 A.2d 1287, 1291 (1986)).

6. The issue of credibility is one for the jury to decide. *United States v. Barnard*, 490 F.2d. 907, 912 (9th Cir. 1973).

7. The use of psychiatric testimony to attack a witness' credibility is not favored. *United States v. Provenzano*, 688 F.2d 194, 204 (3d Cir. 1982).

Despite Defendant's attempt to distinguish the *Leonard A.* case from the facts in the matter at bar, the Court finds that it is directly applicable. In *Leonard A.*, the defendant averred that psychiatric examination of his two daughters, the complaining witnesses against him, was required because the older one was a habitual liar and the younger one always imitated her sister. *Government of the Virgin Islands v. Leonard A.*, 922 F.2d 1141, 1143 (3d Cir. 1991). In affirming the lower court's denial of the defendant's request, the *Leonard A.* court reiterated that the general rule is not to allow such examinations. *Id.* While the court mentioned the age of the witnesses, it did so only to reassert the principle that their youth was not a reason to deviate from the general rule. *Id.* (quoting *State v. R.W.*, 104 N.J. 14, 514 A.2d 1287, 1291 (1986)). The *Leonard A.*

court ruled that the defendant did not present sufficient evidence to justify the requested examination.

■ It must be noted that the issue confronting the courts in the cases cited herein primarily was the issue of *competency*. Upon a close reading of Defendant's motion, the Court is unable to find any reference to Ms. Valerino's competency as a witness. As acknowledged by Defendant, the allegations made by Defendant challenge Ms. Valerino's credibility, veracity, and reliability. *See* Defendant's Response to Opposition to Psychological Examination at 2. As the court found in *Provenzano*, the Court similarly finds here that these attacks "pose[ ] a credibility issue for jury resolution." *Provenzano*, 688 F.2d at 203.

■ Even if Defendant is questioning Ms. Valerino's competency, he has not satisfied the "substantial need" test outlined in *State v. R.W.*, 104 N.J. 14, 514 A.2d 1287, 1291 (1986). As the United States Court of Appeals for the Third Circuit has stated, "[T]here must be some persuasive evidential [sic] showing to establish such a need." *Leonard A.*, 922 F.2d at 1144. Defendant, in his initial motion, states, "[I]t is *believed* that Ms. Valerino has a history of giving false statements and making false accusation. It is reasonably *believed* that she may have a psychological condition such that she is a pathological liar or some related condition." Motion at 1 (emphasis added). However, the said motion is devoid of the facts or other information or circumstances establishing the basis of or substantiating Defendant's "beliefs." No support for Defendant's "beliefs" is articulated in his Response either. In the absence of any evidence supporting Defendant's request for a psychological examination, the Court has no choice but to deny Defendant's motion.

Based upon the foregoing, the Court finds that Defendant has failed to demonstrate any justification for the psychological examination of Deputy U.S. Marshal Linda Valerino.

Now, therefore, it is hereby ORDERED that Defendant's Motion to Have Linda Valerino Undergo a Psychological Examination is DENIED.